Bromwell, J.
This cause is now before the court on a motion to discharge an attachment levied by plaintiff upon certain personal property and credits belonging to defendant and now in the possession of the Scott Roofing Company, in connection with and auxiliary to a suit brought by plaintiff against defendant for damages for alleged breaches of contract growing out of three separate causes of action set up in the petition.
The petition alleges that plaintiff is a corporation under the laws of Kentucky, doing business-in Cincinnati, Ohio, and that defendant is a corporation under the laws of Kentucky, doing business at Ashland, Kentucky.
It then alleges breaches of three contracts of sale on the part of defendant, made by it with plaintiff, and resulting damages, and prays judgment for the amount of said damages with interest and costs.
On the same day on which the petition was filed, plaintiff also filed with the clerk of the court its affidavit, verified by its treasurer, for an attachment, said affidavit containing the following averments:
1. That affiant is treasurer of the plaintiff corporation.
2. That said plaintiff has commenced action against defendant for damages arising out of three alleged breaches of contract and stating the amounts of damages claimed.
3. ' That said claim is just.
4. That affiant believes plaintiff should recover the gross amount of said damages, amounting to $3,007.77.
5. That defendant is a non-resident of the state of Ohio.
6. That affiant has good reasons to believe, and does believe, that thé'Scott-Roofing & Manufacturing Company, of and within the county of Hamilton, state of Ohio, has property of the *3 said defendant in its possession liable to be attached in this action, to-wit, $1,800 in cash.
7. That the facts set forth in the foregoing .affidavit are true. (Duly signed and verified.)
Plaintiff, also, on the same day, filed an affidavit for service by publication in the following words:
“Now comes Howard W. Edwards',’.who being duly sworn according to law, says, under oath/that he is the treasurer of the Edwards Manufacturing Company, .plaintiff herein, and that service of a summons can not be'made within-this state on the defendant. ]. • ,-
“ Affiant further says that this case is one of those mentioned in Section 5045 of the Revised Statutes of the state of Ohio.” (Duly signed and verified.)
Plaintiff then proceeded to publish said notice for six consecutive weeks in a newspaper of general circulation' in this county, the clerk serving a copy of said publication the day following its first insertion by mailing the same to defendant at Ashland, Kentucky, the sheriff making rettirn on the summons that defendant was not found within this county.
In pursuance of said affidavit an order of attachment was issued by the clerk and certain personal property belonging to defendant and in the hands of the Scott Roofing & Manufacturing Co. was levied upon. ‘ •
Defendant has filed its motion to discharge and set aside said attachment in the following words:
“The defendant, Ashland Sheet Mill Company, a corporation organized and existing under the laws of the state of Kentucky, appearing for the purpose of this motion only, and not submitting or intending to submit'itself to the jurisdiction of this court but objecting thereto, moves the court to set aside and discharge the attachment and garnishment on the ground that the affidavit of attachment and garnishment filed herein by plaintiff is insufficient in law to warrant the issuing of the order of attachment and garnishment herein or to sustain the same, because, it fails to show—
‘(a) That the defendant’s alleged cause of action is one arising upon contract, judgment or decree;
" (b) The existence of one of the grounds for an attach *4 ment enumerated in Section 5521 of the Revised Statutes of Ohio.”
In passing upon this motion the court is called upon to examine the affidavit in attachment in connection with Sections 5521 and 5522 and also 148c and 148d of the statutes.
Section 5521 enumerates the various grounds on which an attachment may be allowed, being divided into ten paragraphs or clauses. Only the first of these clauses and the proviso or condition which follows the tenth clause are involved in the present controversy. The first clause of Section 5521 recites that an attachment may issue—
“1. When the defendant, or one of several defendants, is a foreign corporation, except as provided by an act entitled ‘An act to further supplement Section 148 of the Revised Statutes,’ passed May 16, 1894 (91 O. L., 272), and except as provided by an act entitled ‘An act to amend Section 1 of an act,’ etc., passed May 19, 1894 (91 O. L., 355; Sections 148c, 148d); or a nonresident of this state.”
The condition or proviso which follows the tenth clause is as follows:
“But an attachment shall not be granted, on the ground that the defendant is a foreign corporation or a non-resident of this state, for any claim other than a debt or demand arising upon contract, judgment or decree, or for causing death or a personal injury by a negligent or wrongful act. ’ ’
Section 5522 requires, as preliminary to the issue of the writ of attachment by the clerk, that there shall be filed in his office an affidavit of the plaintiff, his agent or attorney, showing—
1. The nature of the plaintiff’s claim;
2. That it is just;
' 3. The amount which the affiant thinks plaintiff ought to recoyer;
4. The existence of any one of the grounds for an attachment set out in Section 5521.
Sections 148c and 148c? relate to the filing of statements by foreign corporations with the Secretary of State and their being admitted to do business in this state.
*5 The court is -of the opinion that as to the first three requirements of Section 5522 the affidavit- is .sufficient. It alleges that its cause of action is founded upon a Breach of contract. It must therefore necessarily arise upon contract. See American Mfg. Co. v. Natl. Supply Co., 9 C- C. — N. S., 531; Hoover & Woodward v. Haslage, 5 N. P., 590, and authorities cited therein.
The affidavit avers that the clamris just. It states the amount that affiant Believes plaintiff is entitled to recover.
The.real controversy then is as. to whether the affidavit sufficiently complies with the fourth .requirement in setting out the existence of some one of the grounds-for an attachment mentioned -in Section 5521. The averment'is “that the defendant is a non-resident of the state of-Ohio”; only that and nothing more. "" -•
We think there can be no misunderstanding as to the legislative intent in amending the attachment statute to relieve foreign corporations from ’ attachment on the mere ground of their being foreign and non-resident. "Briefly this clause of Section 5521 might be read as follows:
“The plaintiff may, * * * have an attachment * * * when the defendant, or one of several defendants, is a foreign corporation, which has not complied with the provisions of Sections 148c and 148d'”
If a foreign corporation,has complied Avith the provisions of these last named sections, it is .not subject to attachment solely on the ground that it is a foreign corporation, as was the Irav prior to the amendment of May 16,- 1894, and May 19, 1894.
We- do not think that the final clause ’under this paragraph “or a non-resident of this state” applies to corporations, but Ave think is intended to refer to an individual. This would seem to be the proper construction in view of the • fact that a semicolon precedes the words quoted.- Upon this construction AAe should_say that clause 1 relates to three classes of defendants:
1. A .foreign corporation AAjhiehhas not complied with the provisions of Sections 148c and 148d is liable to attachment.
2. Ñ foreign corporation Avhich has complied with the pro *6 visions of Sections 148c and 148d is not liable to attachment on the ground of its being a foreign corporation.
3. An individual who is a non-resident of this state is liable to attachment on the ground of non-residence.
The only question is whether the plaintiff ought to allege in his affidavit for attachment, in addition to the allegations that defendant is a foreign corporation, that “it has not complied with the provisions of 148c and 148<2,” or whether it is a matter to be set up by defendant in his motion to discharge the attachment that it has so complied with said section. In other words, where the ground of attachment is that defendant is a foreign corporation, which party must allege compliance or non-compliance, as the case may be, with the provisions of Sections 148c and 148h.
We'do not believe that the mere allegation in the affidavit for attachment that the defendant is a non-resident of the state of Ohio, where the defendant is a foreign corporation, sufficiently complies with the requirement of the statute, and unless this averment may be supplemented by the allegation in the petition that the defendant is a foreign corporation, the affidavit would, in our judgment, be fatally defective.
While there are decided cases to which we will refer hereafter which hold (1) That when the petition contains all the averments required to be in the affidavit for attachment and is positively sworn to, such petition may take the place of the affidavit and form the basis for the order of attachment; and (2) Where the affidavit is defective in not setting forth all of the averments required by the statutes, but by express words, incorporates in and adopts the averments which were lacking in the affidavit from the petition itself, the two together may be considered as a sufficient compliance with the requirements of the statute, there has,'so far as we are able to discover, been no decision upon the question as to whether, when the affidavit is defective and the petition does not contain all the averments required for the affidavit and where the affidavit does not incorporate the petition, in express words making it a part of the affidavit,' there is a sufficient compliance with the law; and it is *7 this third alternative which is, presented to us in this case. The petition alleges that defendant is a foreign corporation. But that allegation is not in the affidavit nor does the affidavit adopt any portion of the petition by. suitable words of incorporation.
One of the earliest'decided eases is that of Harrison and Wiley v. King et al, 9 O. S., 388, the third syllabus of which is as follows: ' -
“The affidavit and order of attachment constitute no part of the pleading in the action, and;-the grounds for an attachment should hot be stated in the petition. ’ ’
The court said, on page 394:
‘ ‘ In the ordinary cases of attachment- the grounds upon which they are obtained constitute no proper part of and should not be embraced in the pleadings in the-actions. Neither the affidavit nor the order of attachment are pleadings admitting of an answer. The attachment is a special proceeding ancillary to the action, but so independent of it that an order in the attachment proceedings may, when final, be the subject of a petition in error during the pendency df the action.- * * * It is the affidavit which sustains the attachment, and not averments in the petition. In the one, most of the .facts stated must be verified as a matter of knowledge; in the qthqr, mere belief will suffice. A defective affidavit could hot be sustained by statements in the petition.”
This ease was followed by.that of Coston v. Paige, 9 O. S., 397, where the first clause of the syllabus is as follows:
“The ground for an attachment may be stated in the affidavit in the language of the statute, without specifying more particularly the facts intended to be alleged. ’ ’
In the case of Ward v. Howard, 12 O. S., 158, the court said, on page 162:
‘ ‘ In this view, -we proceed to inquire whether the case made by the plaintiffs, according to their statement of it, fairly and liberally construed, is a case for 'which the law has provided the remedy of attachment. We think-we are permitted to look both at the petition and the affidavit. Properly, the affidavit for the attachment should be distinct from that to the petition. But this is a mere question of regularity and order of proceeding, *8 especially where, as in the present ease, the affidavit is positive as to the truth of the matters stated in the petition. ’ ’
The court then goes on to discuss certain provisions of the attachment laws, and expresses the opinion that even where the amount claimed is uncertain (being, as in this case, damages for non-delivery of iron metal), nevertheless an attachment would lie if the affidavit otherwise satisfied the requirement of the statute.
In the case of Emmitt v. Yeigh, 12 O. S., 335, the affidavit for attachment set forth in the language of the statute the necessary averments, but in addition thereto contained some explanations which were defective; the court held—
"In an .affidavit for an order of attachment the statement of a cause for the order made in the language of the statute is sufficient. ’ ’
In the case of Bank v. Post, 22 C. C., 649, the court said, that the right to sustain the attachment, of course, must be judged by the affidavit, not by the petition. It is the affidavit that must comply with these forms.
In the case of Endel v. Leibrock, 33 O. S., 254, the first three syllabi are as follows:
"1. A writ of attachment under the code, without the requisite affidavit, is void.
"2. The seizure of property of a non-resident debtor, upon whom service of summons can not be made on such void writ, does not give the court such jurisdiction over the defendant or his property as will authorize a service by publication, or a judgment in the action.
"3. The affidavit required by Section 192 of the code forms no part of the pleadings in the case, and should not be incorporated in the petition, but if the omission of a separate affidavit can be cured by a showing in the petition, it should contain all the requisities of an independent affidavit and be duly verified. ’ ’
In this case the attachment was not sustained for the reason that no separate affidavit was filed, and the affidavit verifying the petition was not in positive terms but upon belief only; and further that the petition did not contain the allegation that *9 the claim sued on was just Qr the amount that affiant believed he ought to recover.
In the case of Cook v. Olds Gasoline Works, 19 C. C., 732, the court said,'syllabus 1:
“Attachment laws are strictly-construed, and all the necessary requirements provided'thereby .must be strictly complied with. ”
In this ease the plaintiff had sfdd that said account was due and unpaid, claiming those words to be the equivalent of the requirements of Section 5522 that he should show that the claim was just. The court said on page 734—
“The proceeding in attachment is a statutory proceeding purely. The plaintiff has sucH-rightb and just such rights as the statute gives him and no others. It is one of the extraordinary rights and remedies of the law; which enables the plaintiff to take the property of the defendant — seize it under the writ —before the recovery of a judgment against him. # * *
“To establish the necessity for the extraordinary relief he claims, the creditor must follow the statute when making his oath. * * * (quoting from Waples on Attachment, page 85). ‘The rule of construction is to insist upon a strict compliance with statutes authorizing attachme'nts. ’ * * ® The reasons of the rule of strict construction are found in the harshness of the remedy and the fact that it is out of the ordinary course of practice.” • " '
Also on page 735 the court said:
“We do not hold that under our statute it is necessary to follow the exact Avords of the statute- in framing an affidavit; but the language of the statute either must be followed, or such words must be used as are clearly equivalent to those used by the statute.”
To further show very clearly how strict the Supreme Court has been in interpreting Sections 5521 and 5522, I call attention to the fact that at the time of amending Section 5521 (93 O. L., 318), the clause “or a non-resident of the state” in the first paragraph was omitted in the amended act. This was undoubtedly an oversight on the part of the Legislature as was shown by-thQ fact tl^at other sections of the statutes in pari maieria *10 still retained the provisions as to non-jesidents as they had been previous to said amendment, and as was still more certainly shown by the fact that this omission was promptly corrected in 94 O. L., 44, restoring this omitted clause to its place in paragraph 1 of Section 5521.
During the time of its elimination, however, the cases of Gorham v. Steinau, 7 Nisi Prius, 478, and Auerbach v. Swadner, 18 C. C., 389, were decided, the nisi, prius and circuit courts holding a liberal view and reading into the statute the clause which had been omitted and construing the section as if said clause was still a part of said section, but when the same question was raised in the case of Hough v. Dayton Mfg. Co., 66 O. S., 433, the Supreme Court said, on page 434:
“AYe recognize the rule that where a statute is of doubtful meaning, other statutes in pari materia will be looked to in aid of construction. But we can not forget that Section 5521 alone provides the grounds of an attachment. * * * If on the face of the amendment in question there is doubt of its meaning, or even as to the subject-matter, through want of proper punctuation or confusion in the order of .words, and the doubt can be removed and the intent gathered by reference to cognate provisions, it would be our duty to use them in aid of construction to learn and carry out the legislative intent. But there is nothing doubtful, ambiguous or confused in the wording of the provision. There is no doubt of the meaning of every word used and that each word is in its proper place and the entire statement of the ground of attachment perfectly clear. In such case there is no room for construction. The omission was apparently intended, because the most apt words were used to indicate it.”
And again on page 436 — ■
“It is through a sufficient affidavit in a proper action and by virtue of positive — not negative — law, that the court can gain jurisdiction of the property of the defendant by attachment.”
And on page 437 (citing from 18 O. S., 456) :
“AYhere the words of a statute are plain, explicit and unequivocal, a court is not warranted in departing from their obvious meaning, although from considerations arising outside of the language of the statute it may bq convinced that the Legis *11 lature intended to enact something different from what it did in fact enact. ’ ’
Now as*to the question of combining the affidavit and the petition to make up from the two together the essential- averments required to satisfy Section 5522, we think that such combination is not allowable for that purpose. The petition and the affidavit are two distinct papers filed in this case; the petition is a pleading, the affidavit is not; a'petition, in most instances, is verified on belief only; the affidavit must be possitively sworn to.
True, the court has said that, if the petition is sworn to positively (as in the case with--the one now before us), and in itself contains all of the averments required by Section 5522, it may take the place of an independent affidavit; and the court has also sai.d that if the affidavit, by express words, adopts the allegations of the petition which are omitted in a defective affidavit, it is sufficient compliance with the requirements of said section. But the present case is neither of these. The petition is defective in the omission of two of the averments required, and can not of itself be a sufficient affidavit, and the affidavit is defective because it does not aver one of the grounds enumerated in Section 5521,. viz-.; that the defendant is a -foreign corporation.
We think the motion to dismiss should be allowed on this ground of insufficiency in the affidavit.
'As to whether the plaintiff must not. only aver in’the affidavit that defendant is a foreign corporation, but must also allege that it is not within the exception mentioned in clause 1 of Section 5521, by reason of its having complied with the requirements of Sections 148c and 148$, we are inclined to think that the rule of strict construction which applies .to matters of attachment would require the plaintiff to make such additional averment. This is in accordance with the general rule of pleading upon a statute containing a proviso or exception,' viz., that the party shall not only show that cause of action is affirmatively authorized by the statute, but that it is not within the exception.
A suggestion having been made by plaintiff that he might cure- any defect ip his affidavit' by amendment, the court thinks *12 that tinder the statute permitting amendments of pleadings, process, etc. (Section 5114), such amendment might be allowed. We desire, however, to call attention to the case of Pope et al v. Insurance Company, 24 O. S., 481, as bearing upon the effect of such amendment of a defective affidavit upon the attachment levied thereunder. The first two syllabi in that ease are as follows:
Albert D. Shockey, for plaintiff.
Maxwell & Ramsey and Jos. L. Lackner, for defendant.
“1. Jurisdiction of a defendant can not be acquired by proceedings in attachment, on the ground of his non-residence in the state, when the petition in the ease, and the affidavit for attachment, fail to show that the cause of action is one arising upon contract, judgment or decree.
‘ ‘ 2. Jurisdiction can not be acquired in such case, by amendment of the petition and' affidavit, showing a cause of action arising upon contract, without the issuance of an attachment after the amendment. ’ ’
And on page 485 the court said:
“The attachment previously issued being a nullity, no jurisdiction could be acquired under it by subsequent amendment. The amendment merely made a case which authorized proceedings to acquire jurisdiction. It did not quicken that which was without legal vitality and confer jurisdiction by virtue of what had been done without any basis .of legal authority. ’ ’
It would appear -therefore that even if the affidavit was amended in this case, it would be necessary to make a new service of summons on defendant before jurisdiction can attach.